IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

|  |  |  |
|---|---|---|
| PETER J. ALLSOT and | ) | |
| KIMBERLY S. LOPEZ, | ) | |
| As Next Friend of their minor child | ) | Case No. 5:25-cv-00395-MMH-PRL |
| B.P.L.A, | ) | |
| Petitioners, | ) | |
| v. | ) | |
| NASEEM LATIF, | ) | |
| Respondent. | | |

**PETITIONERS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND**

**RECOMMENDATION (DOC. 11)**

Petitioners, Peter J. Allsot and Kimberly S. Lopez, proceeding pro se and as Next Friends

of their minor child, B.P.L.A., respectfully submit these Objections to the Magistrate Judge's

Report and Recommendation ("R&R") (Doc. 11) issued on August 6, 2025.

Petitioners agree with the R&R's factual finding that, as non-attorneys, they cannot

represent their minor child. However, Petitioners strongly object to the legal conclusion that

dismissal is the proper remedy. The recommendation to dismiss this habeas corpus action is a

clear abuse of discretion that violates B.P.L.A.'s constitutional right to access the courts and ignores the judiciary's heightened duty to protect a minor litigant. The procedural impediment identified by the Magistrate Judge requires a procedural solution, appointing counsel, not the ultimate sanction of dismissal.

## ARGUMENT

**I. Recommending Dismissal Is an Abuse of Discretion That Punishes a Minor Child Instead of Protecting Her Interests.**

The Magistrate Judge correctly identifies the rule from *Devine v. Indian River County School Bd.*, 121 F.3d 576 (11th Cir. 1997), which prohibits a non-lawyer parent from representing a child. However, the R&R's recommended remedy, dismissal, is a severe misapplication of that rule and constitutes an abuse of discretion. The purpose of the rule in *Devine* is to protect the child's interests, not to extinguish them entirely.

Dismissal punishes the minor child for her parents' non-lawyer status and their indigence. This recommendation closes the courthouse doors to a child who alleges she is being unlawfully detained, violating her fundamental right to petition for a writ of habeas corpus. Federal appellate courts that have addressed this exact situation have held that dismissal is improper.

In *M.S. ex rel. S.S. v. Wermers*, 74 F.3d 857 (8th Cir. 1996), the Eighth Circuit held it was an abuse of discretion for a district court to dismiss a case brought by a non-lawyer parent on behalf of a child. The court emphasized that the district court has an affirmative duty to ensure the child's interests are protected, which may include "the appointment of a guardian ad litem or counsel." *Id.* at 859. Similarly, the Second Circuit in *Cheung v. Youth Orchestra Found. of*

*Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990), held that a minor's complaint should not have been dismissed simply because her father was a non-attorney. The court ruled that the child must be given an opportunity to secure licensed counsel. Petitioners acknowledge that decisions from other district courts are not binding on this Court but may serve as persuasive authority.

The Magistrate's recommendation to dismiss this case runs contrary to the established judicial consensus that the court's duty is to safeguard the minor, not to punish her for a procedural issue her parents have already taken steps to resolve.

## II. The Correct and Just Remedy Is to Appoint Counsel for the Minor Child.

The R&R creates an inescapable "Catch-22" for the Petitioners and their child: they are told they cannot proceed without a lawyer, but rather than rule on their pending motion to waive fees (Doc. 5), the court recommends dismissal. This circular and illogical path to dismissal is unjust. As the courts in *Wermers* and *Cheung* held, the proper course is not to dismiss the case but to ensure the child obtains representation.

Petitioners have already filed the necessary Motion to Proceed In Forma Pauperis (Doc. 5), which is the prerequisite for requesting court-appointed counsel. The Court has clear authority to appoint counsel. Under the Criminal Justice Act, 18 U.S.C. § 3006A, and Rule 8(c) of the Rules Governing Section 2254 Cases, the court may appoint counsel for a habeas petitioner at any stage if "the interests of justice so require."

The unlawful detention of a child, who cannot advocate for herself and whose indigent parents are barred from doing so, is precisely the kind of exceptional circumstance where the interests of justice demand the appointment of counsel. Appointing counsel is the correct

procedural remedy that protects the child, respects the rule in *Devine*, and allows this critical habeas petition to be heard on its merits.

**III. A "Next Friend" Is a Procedural Vehicle to Access the Court, Not a Substitute for the Court's Duty.**

The R&R improperly conflates the role of a "next friend" with that of legal counsel. As the Supreme Court held in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), a "next friend" is not a party to the lawsuit, but merely a procedural agent who provides an incompetent party access to the court. The minor child, B.P.L.A., is the real party in interest.

By filing as "next friend," Petitioners have properly invoked the Court's jurisdiction. Once that door is opened, the Court assumes an independent, non-delegable duty to safeguard the rights of the minor. The court cannot discharge this duty by simply dismissing the case. Instead, the court is obligated to act with urgency and equity to ensure that the child's rights are protected, which in this case requires the appointment of counsel to investigate and litigate her claim of unlawful restraint.

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the District Judge REJECT the Magistrate Judge's Report and Recommendation (Doc. 11) and enter an Order that:

1. GRANTS the Application to Proceed In Forma Pauperis (Doc. 5);

2. APPOINTS counsel to represent the minor child, B.P.L.A.; and

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this day, August 8, 2025, we served a true and correct

copy of the foregoing Objections to the opposing party by U.S. Mail to the following address:

Nasseem Latif

10202 Karlov Ave.

Oak Lawn, IL 60453

PETER J. ALLSOT, Pro Se

KIMBERLY S. LOPEZ, Pro Se

3. ORDERS the Respondent to file an answer to the Verified Emergency Petition for

Writ of Habeas Corpus.

Respectfully submitted,

PETER J. ALLSOT, Pro Se

1695 Campos Dr.

The Villages, FL 32162

(708) 336-9662

pererallsot52@gmail.com

KIMBERLY S. LOPEZ, Pro Se

1695 Campos Dr.

The Villages, FL 32162

(708) 983-3934

kslopez777@gmail.com