**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PETER J. ALLSOT, as next friend
of his minor child B.P.L.A.,

      Plaintiff,

vs.                                            Case No.  5:25-cv-395-MMH-PRL

NASEEM LATIF,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 11; Report), entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on August 6, 2025. In the Report, the Magistrate Judge recommends that this action be dismissed. See Report at 2. On August 8, 2025, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation (Doc. 12; Objections). Upon careful consideration and independent review of the record, the Court will overrule the Objections and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. As such, the Court writes briefly only to address Plaintiff's specific objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

In the Report, the Magistrate Judge correctly notes that "a parent, who is not an attorney, may not bring a pro se action on his child's behalf." See Report at 1 (citing Whitehurst v. Wal-Mart, 306 Fed. App'x 446, 448–49 (11th

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

Cir. 2008)); see also Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997) ("[P]arents who are not attorneys may not bring a pro se action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."), overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). Accordingly, the Magistrate Judge recommends that this action be dismissed because, despite being afforded an opportunity to do so, Plaintiff has failed to retain counsel to represent his minor child. See Report at 2. In objecting to the Report, Plaintiff does not dispute that he cannot represent his minor child. See Objections at 1. However, Plaintiff contends that dismissal is not proper in this case. See id. at 1–2. Rather, according to Plaintiff, dismissal would be an abuse of discretion, and the Court must instead appoint counsel for the child. See generally id.

Plaintiff's arguments are unavailing.[2] First, dismissal is proper where a non-attorney parent attempts to represent his minor child pro se. See Warner v. Sch. Bd. of Hillsborough Cnty., No. 23-12408, 2024 WL 2053698, at *2–3 (11th Cir. May 8, 2024) (affirming the dismissal of the plaintiff's complaint

---

[2] Plaintiff's arguments, which were not presented to the Magistrate Judge and are made for the first time only after entry of the Report, are also untimely. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

because "a parent may not advance his child's cause of action pro se"); [3] FuQua v. Massey, 615 Fed. App'x 611, 613 (11th Cir. 2015) ("[T]he district court properly granted the motion to dismiss because [the plaintiff] sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so."); see also Grossman-Lepp v. Wilson, No. 5:25-CV-00240-TES, 2025 WL 1953613, at *2 (M.D. Ga. July 16, 2025) (dismissing claims brought on behalf of a pro se plaintiff's minor child).[4] Second, the Court is not required to appoint counsel in a civil case.[5] See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (noting that civil litigants "have no absolute constitutional right to counsel"); Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996), as amended (Sept. 6, 1996) ("Court appointed counsel in civil cases is warranted only in 'exceptional circumstances,' and whether such circumstances exist is also committed to district court discretion." (citing Kilgo, 983 F.2d at 193)). And, finally, Plaintiff's

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[5] Notably, Plaintiff has not filed a motion to appoint counsel for his minor child. And to the extent Plaintiff seeks such relief in the Objections, this request is not properly before the Court. See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); Brown v. Comm'r of Soc. Sec., No. 617CV633ORL40KRS, 2018 WL 672276, at *1 (M.D. Fla. Feb. 2, 2018) (noting "the well settled procedural rule that requests for affirmative relief shall be stated in a separate filing").

cited authority does not support his contention that the Court must appoint counsel instead of dismissing this case. See, e.g., Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 62 (2d Cir. 1990) ("If [the plaintiff] does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice.").[6]

Accordingly, it is

**ORDERED:**

1. Petitioners' Objections to the Magistrate Judge's Report and Recommendation (Doc. 12) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 11) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Verified Emergency Petition for Writ of Habeas Corpus on Behalf of their Minor Child (Doc. 1) is **DISMISSED without prejudice**.

---

[6] Plaintiff also cites M.S. ex rel. S.S. v. Wermers, 74 F.3d 857 (8th Cir. 1996). See Objections at 2. However, as far as the Court can determine, either this case citation is incorrect or the case itself does not exist.

4. The Clerk of the Court is **directed** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers this 20th day of January, 2026.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Pro Se Party

- 6 -